## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 18 2015, 9:13 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

James D. Crum
Cathy M. Brownson
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mark B. Harsley, II,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 18, 2015

Court of Appeals Case No.
29A02-1409-CR-661

Appeal from the Hamilton Superior Court

Honorable William J. Hughes, Judge

Cause No. 29D03-1403-CM-1852

**Robb, Judge.**

## Case Summary and Issue

[1] Following a bench trial, Mark B. Harsley II was found guilty of three counts of invasion of privacy, all Class A misdemeanors. He appeals his convictions,

raising one issue for our review: whether the State provided sufficient evidence to sustain Harsley's three invasion of privacy convictions. Concluding that the evidence is sufficient, we affirm.

## Facts and Procedural History

Kimberly Harsley is Harsley's estranged wife and the mother of his daughter. An ex parte protection order prohibiting Harsley from contacting Kimberly was issued in December 2013 and was continued in full force and effect following a hearing on January 23, 2014.

On January 3, 2014, Kimberly received an email purporting to be from Harsley that referenced incidents in their past and promised positive changes for the future. On January 25, 2014, Kimberly received a text message from Harsley asking her to give him another chance and not divorce him and apologizing for his previous actions. He also acknowledged that he could go to jail for having sent the message. Kimberly reported her receipt of the message to the police. Fishers Police Department Officer Chris Tucker spoke to both Kimberly and Harsley about the protection order and the message that had been sent. Harsley claimed his phone might have been hacked and denied sending the message. Harsley affirmed he understood the protection order and said he would have no further contact with Kimberly.

On February 13, 2014, another email was sent from Harsley to Kimberly asking her to open lines of communication between the two. On February 19, 2014,

one final text message was sent from Harsley to Kimberly, discussing an illness that Harsley thought was serious enough to kill him and talking about a life insurance policy he wanted Kimberly to have to help provide for their daughter.

[5] The State charged Harsley with four counts of invasion of privacy, all Class A misdemeanors, for violating the protection order. At the bench trial, Kimberly testified that the contents of the communications were of a personal nature, some of which only she and her estranged husband would know. The trial court found Harsley violated the protection order for three of the four messages and entered judgment of conviction for three counts of invasion of privacy.[1] Harsley was sentenced to 365 days in jail for each count, all suspended to probation. "Any executed sentence in this cause is to be served consecutively but probation is concurrent." Appellant's Appendix at 56. Harsley now appeals his convictions.

# Discussion and Decision

## I. Standard of Review

[6] In sufficiency of evidence claims, the reviewing court does not reweigh evidence or judge the credibility of the witnesses. *Huber v. State*, 805 N.E.2d 887, 890 (Ind. Ct. App. 2004). Only the evidence most favorable to the verdict

---

[1] The trial court found Harsley not guilty of the charge stemming from the first email, sent on January 3, 2014, because there was a lack of evidence that Harsley had been properly served with the ex parte protection order before he sent the message.

is to be considered, along with reasonable and logical inferences that can be drawn therefrom. *Id.* Where there is substantial evidence of probative value to support the ruling of the trial court that the defendant was proven guilty beyond a reasonable doubt, the conviction will be affirmed. *Id.*

## II. Sufficiency of Evidence

Harsley contends the evidence was insufficient because the authenticity of the messages was proven only by the testimony of Kimberly, the victim. Harsley suggests that some technological or documentary evidence is required in conjunction with the testimony to authenticate the email and text messages.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Ind. Evidence Rule 901(a). This may be done in a variety of ways. *See* Evid. R. 901(b). In this case, Rule 901(b)(4) is particularly relevant. It states that "the appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances" can be used to authenticate evidence. Evid. R. 901(b)(4). Absolute proof of the authenticity of the evidence is not required. *Fry v. State*, 885 N.E.2d 742, 748 (Ind. Ct. App. 2008), *trans. denied*. "Evidence that establishes a reasonable probability that the document is what it is claimed to be constitutes sufficient authentication or identification." *Id.*

In *Pavlovich v. State*, a case in which the defendant was convicted of child solicitation and patronizing a prostitute, the sufficiency of evidence was at issue

because there was no direct evidence that the phone number and email address that were used to contact the child were actually the defendant's. 6 N.E.3d 969, 976 (Ind. Ct. App. 2014), *trans. denied*. The court, however, did not limit its inquiry to direct evidence and looked to the circumstances surrounding the phone number, email address, and the conversations had through them. *Id.* Equating Indiana Rule of Evidence 901(b)(4) to Federal Rule of Evidence 901(b)(4), this court quoted the following from *Lorraine v. Markel Am. Ins. Co.,* 241 F.R.D. 534, 546 (D.Md.2007): "'[t]he characteristics of the offered item itself, considered in the light of circumstances, afford authentication techniques in great variety,' including authenticating an exhibit by showing that it came from a 'particular person by virtue of its disclosing knowledge of facts known peculiarly to him[.]'" *Pavlovich,* 6 N.E.3d at 976-77. In effect this court has allowed authentication solely through circumstantial evidence dealing with the contents of the writing and the fact that a limited number of people would have knowledge of the content. *Id.*

[10] Kimberly testified that the emails and text messages she received on the relevant dates were from Harsley. She stated they were from an email address and a telephone number from which she had communicated with him before and that the messages contained information known only to her and to Harsley. That information included dates of his last visit with their daughter, as well as medical issues he had in the past or was dealing with at the time. Kimberly's testimony concerning the origin of the messages and their content provided

sufficient circumstantial evidence for the trial court to conclude that the emails and text message were from Harsley.

[11] Once a sufficient degree of authenticity is established to allow admission, any doubts that remain as to who authored the messages goes only to the weight of the evidence. *Pavlovich,* 6 N.E.3d at 979. Harsley's claim that Kimberly wrote the messages is one for the judge to weigh, sitting as the trier of fact, and is not to be reweighed by this court. Considering the evidence in the light most favorable to the verdict, we hold that it was sufficient for the trial court to find Harsley guilty of invasion of privacy.

## Conclusion

[12] The evidence provided to the trial court was sufficient to find Harsley guilty of violating the order of protection and invading Kimberly's privacy because authentication through circumstantial evidence links the messages to him. Therefore, we affirm Harsley's convictions.

[13] Affirmed.

Bailey, J., and Brown, J., concur.